UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KIEL JAMES PATRICK, LLC, <br> *Plaintiff*, <br><br> v. <br><br> JOHN DOE and XYZ Corporation, <br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 1:25-cv-00098-JJM-LDA |

### DEFAULT JUDGMENT
### AND PERMANENT INJUNCTION ORDER

On July 22, 2025, pursuant to Fed. R. Civ. P. 55(a), Plaintiff Kiel James Patrick, LLC's ("**KJP**" or "**Plaintiff**") moved for Entry of Default against Defendants John Doe and XYZ Corporation (individually and collectively, "**Defendant**"), and, on July 24, 2025, the Clerk entered default against the Defendant. *See* Docket No. 18. On August 5, 2025, Plaintiff filed Requests for Default Judgment ("**Default Judgment**") pursuant to Fed. R. Civ. P. 55(b)(2) seeking conversion of the Preliminary Injunction into a permanent injunction.

Previously, on March 19, 2025, the Honorable Chief Judge John J. McConnell, Jr., considered Plaintiff's Motion for Temporary Restraining Order and Writ of Attachment. The Court granted the Motion and entered a Temporary Restraining Order ("**TRO**"). *See Docket No. 5.* On April 21, 2025, the Court converted the TRO into a Preliminary Injunction and Writ of Attachment ("**Preliminary Injunction**"). *See Docket No. 6.*

On August 25, 2025, Plaintiff's Default Judgment was considered and evaluated by the Honorable John J. McConnell, Jr. *See Text Order (August 25, 2025)*. No Defendant has filed any opposition, nor has any counsel entered an appearance on their behalf.

1

Upon review of the pleadings, affidavits, and prior orders of this Court, and for good cause shown, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

**1.** That Plaintiff's Motion for Default Judgment is GRANTED;

**2.** That Final Judgment is hereby entered in favor of Plaintiff and against Defendant on Counts I, II, and III, of Plaintiff's Complaint

**3.** That a Permanent Injunction is hereby entered in favor of Plaintiff and against each Defendant (individually and collectively, "**Defendant**"), permanently and forever enjoining and restraining Defendant, their affiliates, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them from:

   **a.** using the KJP Marks or KJP Advertising Materials, as defined in the Complaint, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the manufacturing, importing, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product (as defined in the Complaint) or not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials;

   **b.** passing off or enabling others to pass off any product as a genuine KJP Product or any other product produced by KJP that is not KJP's product or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or KJP Advertising Materials;

   **c.** committing any acts calculated to cause consumers to believe that Defendant's counterfeit or imitation products are those sold under the authorization, control, or supervision of KJP, or are sponsored, approved, or otherwise connected with KJP;

   **d.** further infringing or using the KJP Marks or KJP Advertising Materials in any manner that damages or dilutes KJP's goodwill;

  **e.** otherwise competing unfairly with KJP in any manner;

  **f.** shipping, delivering, holding for sale, transferring, storing, distributing, or otherwise disposing of any products not manufactured by or for KJP, nor authorized by KJP to be sold, and which bear or feature the KJP Marks or KJP Advertising Materials, or any reproductions, counterfeit copies, or colorable imitations thereof;

  **g.** using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name, website, online store, or account, including but not limited to classicallyapparel.com, that is being used to sell or is how the Defendant could continue to sell counterfeit or imitation products and/or goods of KJP Products or using the KJP Marks or the KJP Advertising Materials; and

  **h.** operating and/or hosting websites at any other domain names or platforms that are involved with the distribution, marketing, advertising, offering for sale, or sale of counterfeit or imitation products bearing the KJP Marks or the KJP Advertising Materials, or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine KJP Product or not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials.

  4. That those in privity with the Defendant and those with notice of the judgment and injunction, including its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it including any online marketplaces, social media platforms, Internet search engines, web hosts for the Defendant's domain names, and domain name registrars, shall:

  **a.** disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit or imitation products and/or goods using the KJP

3

Marks or the KJP Advertising Materials or the unauthorized use of the KJP Marks or the KJP Advertising Materials;

      **b.** disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of counterfeit or imitation products and/or goods using the KJP Marks or the KJP Advertising Materials or featuring the unauthorized use of the KJP Marks or the KJP Advertising Materials; and

      **c.** take all steps necessary to prevent links to the Defendant's commercial Internet Store, as defined in the Complaint, from displaying in search results, including, but not limited to, removing links to the Defendant's Internet Store from any search index.

5. That the funds and the accounts of the Defendant and/or associated with the Internet Store, including without limitation those at PayPal, Inc., and other similar vendors and/or service providers, are attached and restrained from access, disposition, use, taking, and transfer including without limitation by the Defendant and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert

6. This Judgment and Permanent Injunction is binding on Defendant, their affiliates, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with worldwide and shall remain in effect permanently.

7. The Court retains jurisdiction to enforce this Order and Permanent Injunction.

IT IS SO ORDERED

_____
John J. McConnell Jr.
Chief Judge, United States District Court

Date: 27 August 2025

<u>PRESENTED BY:</u>

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

<u>*/s/ C. Alexander Chiulli*</u>
C. Alexander Chiulli, Esq.  (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street Providence, RI 02903
Email: <u>achiulli@savagelawpartners.com</u>
Email: <u>crusso@savagelawpartners.com</u>
Tel: (401) 238-8500
Fax: (401) 648-6748